IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NATEL BLESSITT,

    Defendant.

Criminal No. 15-118
Civil No. 16-1574
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION

**I.    Introduction**

Before the Court is Petitioner Natel Blessitt's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. No. 41 at Criminal No. 15-00118) and the Government's Response in Opposition thereto (Doc. No. 49 at Criminal No. 15-00118) After careful consideration of Petitioner's Motion and the Government's Response thereto, and the record in the case, including the sentencing hearing, the Court will deny Petitioner's Motion for relief pursuant to 28 U.S.C. § 2255.

## II. Procedural Background

On June 4, 2015, Petitioner was charged in a two-count information with distribution and possession with intent to distribute heroin on or about March 5, 2014, and on September 23, 2014, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Doc. No. 9). Then, on July 14, 2015, pursuant to a plea agreement, Petitioner appeared before the undersigned and waived his right to be indicted and entered a plea of guilty to the two-count information. The plea agreement contained a term that the Government agreed not to file an information, pursuant to 21 U.S.C. § 851, stating a prior conviction as a basis for increased punishment, and the parties further agreed to a sentence of 96 months imprisonment, which was a prison term that was substantially below the applicable sentencing guideline range of 151 to 188 months imprisonment.

Petitioner was sentenced on February 23, 2016, to a term of 96 months imprisonment and 5 years of supervised release. (Doc. Nos. 39 and 4). Petitioner did not file an appeal of his sentence, which is the subject of this current motion, but the instant Petition is timely filed as the Judgment in this case was entered on February 23, 2016, and his Petition and supporting brief was filed on October 14, 2016. (Doc. Nos. 41 and 42).

## III. Standard of Review

28 U.S.C. § 2255 provides, in relevant part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon,

> determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

Whether to conduct a hearing is within the sound discretion of the District Court. *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008); *United States v. Day*, 969 F.2d 39, 41 (3d Cir. 1992)(*quoting Government of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir.1989), *cert. denied* 500 U.S. 954 (1991)). In exercising that discretion, "the [C]ourt must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record. Further, the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Day,* 969 F.2d at 41-42 (citation omitted). *See also* Rules Governing Section 2255 Proceedings, Rules 4 and 8. The Court must view the factual allegations in the light most favorable to the Petitioner. *Government of the Virgin Islands v. Weatherwax,* 20 F.3d 572, 574 (3d Cir. 1994) (district court erred in failing to conduct evidentiary hearing on petitioner's non-frivolous allegations of ineffective assistance of counsel) (subsequent history omitted). However, a Section 2255 Motion may be dismissed without a hearing if: (1) its allegations, accepted as true, would not entitle Petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005) (citations omitted).

In order for Petitioner to establish counsel was ineffective, he has the burden to show counsel's performance (i) was in fact deficient and (ii) that the deficient performance so prejudiced the defense as to raise doubt to the accuracy of the outcome of the trial [or the sentence]; i.e., Petitioner must demonstrate a reasonable probability that, but for counsel's deficiency, the outcome of the trial [or sentence] would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 692 (1984). Counsel's conduct presumptively "falls within the wide range of reasonable professional assistance," and the Petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689-90 (citation omitted). On the other hand, the mere fact that counsel's challenged performance or tactic can be called "strategic" in the sense it was deliberate, does not answer the dispositive question of whether that decision or tactic fell within the wide range of "reasonable professional assistance." *Davidson v. United States,* 951 F.Supp. 555, 558 (W.D.Pa. 1996), *quoting Government of the Virgin Islands v. Weatherwax,* 77 F.3d 1425, 1431-32 (3d Cir.), *cert. denied* 117 S.Ct. 538 (1996). "Reasonable trial strategy must, by definition, be reasonable." *Davidson,* 951 F.Supp. at 558.

Counsel's strategy must be judged by a standard of reasonableness based on the prevailing norms of the legal profession. *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (*Strickland* standards for claims of ineffective assistance of counsel unchanged under Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214). Ineffective assistance of counsel will not be found simply because, with the assistance of hindsight, the reviewing court disagrees with counsel's strategy. *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997).

In the context of a Section 2255 petition for collateral relief, the Unites States Court

4

of Appeals for the Third Circuit has offered the following guidance:

> The . . . test for determining whether a hearing should be held on an ineffectiveness claim is slightly altered by the *Strickland* holding. Our analysis of allegations of ineffectiveness of counsel breaks down into two parts. First, we must determine whether the district court considered as true all of appellant's nonfrivolous factual claims. This step requires that we review whether the district court properly found certain allegations frivolous. Second, we must determine whether, on the existing record, those claims that are nonfrivolous conclusively fail to show ineffective assistance of counsel. To evaluate claims under this second step, we must turn to both prongs of the *Strickland* test. If a nonfrivolous claim clearly fails to demonstrate either deficiency of counsel's performance or prejudice to the defendant, then the claim does not merit a hearing. If, on the other hand, a claim, when taken as true and evaluated in light of the existing record, states a colorable claim for relief under *Strickland*, then further factual development in the form of a hearing is required. That is, if a nonfrivolous claim does not conclusively fail either prong of the *Strickland* test, then a hearing must be held. Thus, the district court must employ the *Strickland* analysis at least once, and may have to employ it twice--first, as a threshold analysis of all claims on a limited record, and then again only on colorable claims after full factual development of those claims.

*United States v. Dawson,* 857 F.2d 923, 927-28 (3d Cir. 1988).

Under the first prong of the *Strickland* test, "an attorney renders ineffective assistance when his performance 'f[alls] below an objection standard of reasonableness,' given the particular circumstances of the case at hand." *Hodge v. U.S.,* 554 F.3d 372, 379 (3d Cir. 2009)(*quoting Strickland*, 466 U.S. at 688). As in any other ineffective assistance of counsel context, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

The Court must employ a highly deferential standard, which entails "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Hankerson*, 496 F.3d 303, 310 (3d Cir. 2007)(quoting *Strickland*, 466 U.S. at 689). To rebut this presumption, a Petitioner "must show either that: (1) the suggested strategy (even if sound) was not in fact motivating counsel, or (2) that the actions

could never be considered part of a sound strategy." *Thomas v. Varner*, 428 F.3d 491, 499 (3d Cir. 2005).

Under the second prong (i.e., the prejudice prong), Petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a 'probability sufficient to undermine confidence in the outcome.'" *Hankerson*, 496 F.3d at 310 (quoting *Strickland*, 466 U.S. at 694).

**IV.** **Discussion**

Petitioner raises two arguments in support of his Motion to Vacate Sentence. First, he argues that defense counsel was ineffective in failing to file an appeal of his sentence. Second, Petitioner contends that he was improperly sentenced as a career offender. The Court will consider these arguments *seriatim.*

**(1) Counsel was not ineffective**

There are special considerations applicable to alleged ineffectiveness claims where, as here, a Petitioner raises counsel's failure to file an appeal, and in such cases, a more specific version of the *Strickland* test applies. In *Roe v. Flores-Ortega*, the Supreme Court set forth the two-part test applicable to these claims. Primarily, this Court must determine whether counsel actually consulted with his client about filing an appeal. *Flores-Ortega*, 528 U.S. 470, 478 (2000). "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.*

While prejudice is presumed when counsel fails to file a notice of appeal when his or

her client so suggests, if counsel has not consulted with his client about filing an appeal, the Court must determine "whether counsel's failure to consult . . . itself constitutes deficient performance." *Flores-Ortega*, 528 U.S. at 478. Defense counsel has a "constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *United States v. Mabry*, 536 F.3d 231, 239-40 (3d Cir. 2008) (*quoting Flores-Ortega*, 528 U.S. at 480). As the Court in *Mabry* noted, factors which are relevant to this determination include whether the conviction resulted from a trial or a guilty plea, whether the defendant received the sentence he bargained for via his plea agreement, and whether the plea expressly reserved or waived appellate rights.

Applying the aforementioned factors to this case, the Court cannot find counsel's representation to have been ineffective in this regard. Simply put, defense counsel committed no error by failing to file an appeal on behalf of Petitioner.

More specifically, a review of the record evidence in this case reveals that, at the time of the sentencing hearing, as was confirmed by a review of the transcript of the sentencing proceedings, the Court gave Petitioner an opportunity to consult with his attorney regarding his desire to file an appeal, to which he more than adequately responded in the negative. The transcript reads as follows:

> THE COURT: Sir, I'm now going to speak about your right to
> appeal.
> Except as otherwise waived in the plea agreement,
> you have the right to appeal from the orders of this Court,
> judgment of guilty, or from the sentence imposed.
> You have a right to have an attorney represent
> you on appeal at no cost to you.
> If you cannot afford them, certified copies of

7

> the necessary records and transcripts will be furnished at
> the expense of the United States government.
> If you appeal, the Notice of Appeal must be filed
> within 14 days of today. Otherwise, you will lose your
> right to appeal.
> If you request, the Clerk of Court will
> immediately prepare and file a Notice of Appeal on your
> behalf.
> I'd appreciate it if you would talk to your
> attorney for a moment and tell me whether you want the Clerk
> of Court to prepare and file a Notice of Appeal for you or
> if you decide to appeal, that you will use your current
> counsel.
> Also, take a moment to discuss with your attorney
> your waiver of appellant rights. It's in the plea
> agreement.
> (Off-the-record discussion between defense
> counsel and defendant.)
> MR. EYSTER: Your Honor, the defendant and I have
> consulted about the taking of an appeal and my client does
> not desire to file an appeal in this case.
> Thank you.
> THE COURT: Do you agree?
> THE DEFENDANT: Yes, sir.
> THE COURT: You understand if you change your
> mind and decide to appeal, you must do it within 14 days of
> today?
> THE DEFENDANT: Yes, sir.
> THE COURT: And if you do appeal, you will use
> your current counsel, correct?
> THE DEFENDANT: Yes, sir.
> THE COURT: Anything else on behalf of the
> government?
> MR. RIVETTI: No, Your Honor.
> THE COURT: Defendant?
> MR. EYSTER: No, Your Honor.

Doc. No. 44, at pgs. 16-18.

Therefore, as the above colloquy evinces, Petitioner's statement that his counsel never consulted with him about taking an appeal is belied by the record. Doc. No. 42 at 4. As was set forth in a recent case within this Circuit, "[i]f counsel has consulted with his client, then counsel is ineffective only if she failed to follow the defendant's express instructions with

8

respect to an appeal." *United States v. Edwards*, 2016 WL 3762703 (E.D. Pa. July 11, 2016). As the above-colloquy establishes, counsel adequately complied with his duty in this regard, and Petitioner has failed to remotely establish that his attorney should have somehow known that he wanted to appeal or that he reasonably demonstrated that he wanted to appeal.

To the extent that Petitioner now argues that he was "rushed" into taking a plea agreement by the government and his counsel, the record establishes that he plead guilty approximately 40 days after the two-count information was filed. A review of the transcript of the waiver and guilty plea proceeding further reveals no evidence whatsoever that he was unsatisfied with his representation, nor did he at any time express any concerns regarding his plea deal, much less the timeframe in which he had to consider the plea.

> THE COURT: Sir, are you completely satisfied with your attorney's advice and representation?
> THE DEFENDANT: Yes, sir.
> THE COURT: Is there anything he's done you think he should not have done?
> THE DEFENDANT: No, sir.
> THE COURT: Is there anything you've asked him to do that he has not done?
> THE DEFENDANT: No, sir.

Doc. No. 47 at 23. Furthermore, at the sentencing hearing, Petitioner expressed no reservations about counsel's representation of him.

> THE COURT: Sir, are you satisfied with your attorney's advice and representation?
> THE DEFENDANT: Yes.
> THE COURT: Is there anything you asked him to do that he has not done?
> THE DEFENDANT: No. He satisfied -- he said everything he needed to say.
> THE COURT: Is there anything you asked him to do that he did not do?
> THE DEFENDANT: Well, actually, with this case, I will have a few questions afterwards but he has done everything that he has done. I'm satisfied with what he

9

> did.
> MR. EYSTER: May I have a moment.
> THE COURT: Do you want to take a moment and chat
> with your attorney on that matter to see if there is
> anything else you wish to say.
> (Off-the-record discussion between defense
> counsel and defendant.)
> THE DEFENDANT: He's done everything.
> THE COURT: He's done everything that you think
> he should have done?
> THE DEFENDANT: Yes, sir.
> THE COURT: Anything else on behalf of the
> government?
> MR. RIVETTI: No.

Doc. No. 44 at 7-8.

The record remains unequivocal on the following factors: (1) Petitioner entered a voluntary plea of guilty after having time to consider the plea and consult with his attorney, including whether he wished to perfect an appeal; (2) Petitioner admitted the drug weights, was informed of his appellate rights, and was sentenced in conformance with a stipulated sentence within the plea agreement. There is no credible argument that reasonable defense counsel should have or would have known that Petitioner changed his mind regarding his decision to accept the terms of his plea agreement and sentence. Accordingly, Petitioner's contention that counsel was ineffective fails and no hearing is required under these circumstances.

### (2) Petitioner was properly sentenced as a career offender

Second, Petitioner contends that he was improperly sentenced as a career offender under the sentencing guidelines. In order to qualify as a career offender, pursuant to U.S.S.G. § 4B1.1(a), a defendant must have been at least 18 years old at the time of the instant offense of conviction , the instant offense of conviction is a felony that is either (1) a crime of violence, or (2) a controlled substance offense, and defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

10

Critically, while Petitioner did qualify as a career offender, the government refrained from filing a § 851 Information, and the plea agreement contained a stipulated sentence pursuant to Rule 11(c)(1)(C) for a 96 month (8 year) prison term, which was a substantial variance from the career offender range of 155-188 months imprisonment. The information set forth in the Presentence Investigation Report reveals that Petitioner handily met the factors to qualify for career offender status: namely, he was over 18 years of age at the time he committed the crimes in the information, both crimes qualify as felony controlled substance violations, and he has two prior felony controlled substance state court convictions in 2002 and 2003 which resulted in 16-32 months imprisonment and 2.5 to 7 years imprisonment.

While Petitioner contends that he was incorrectly sentenced as a career offender because (1) the state court predicates set forth in the Presentence Investigation Report were not proven by way of a "Shepard-approved document," but instead were listed in a "rap sheet," and (2) the Pennsylvania statute under which he was convicted is broader than the offenses contemplated by the career offender guideline, on the basis that the Pennsylvania statute, 35 P.S. § 780-113, criminalizes both qualifying and non-qualifying predicates, his argument is misplaced. In support of his position, Petitioner cites *Mathis v. United States*, 136 S.Ct. 2243 (2016), *Descamps v. United States*, 133 S.Ct. 2276 (2013) and *Shepard v. United States*, 544 U.S. 13 (2005), for his argument that because 35 P.S. § 780-113 criminalizes conduct that would not qualify as a predicate crime under the career offender designation, the Court must employ the modified categorical approach.

While Petitioner is correct that the modified categorical approach is applicable when determining whether specific conduct in 35 P.S. § 780-113 is a predicate offense for career offender status, the cases cited by Petitioner are distinguishable from the instant situation

11

because they address predicate "violent felony" offenses as defined in the armed career criminal enhancement found at § 4B1.4, rather than, as here, a career offender enhancement for prior "controlled substances" convictions. Only the *Marrero* case, cited by Petitioner, involves an application of the § 4B1.1(a) career offender enhancement, but it is, again, distinguishable, because that case involved prior state court third-degree murder and simple assault convictions and whether they served as predicate offenses, which is generally not relevant to the instant case. *United States v. Marrero,* 743 F.3d 389 (3d Cir. 2014), *cert. denied*, 135 S.Ct. 950 (2015).

*United States v. Abbott* emphasizes that, "because 35 Pa. Stat. Ann. § 780-111(a)(30) can be violated by the possession of an intent to distribute many different drugs, the types of which can increase the prescribed range of penalties, the statute included several alternative elements and is therefore divisible." *United States v. Abbott*, 748 F.3d 154, 159 (3d Cir. 2014). Accordingly, the Court in *Abbott* went on to find that the District Court's reliance on the modified categorical approach was therefore proper.

Pursuant to the *Abbott* case, the information before this Court at sentencing was sufficient to demonstrate that Petitioner's prior convictions were appropriate predicates under the sentencing guidelines because they were punishable by a term exceeding one year. *Id*. at 159. *See also* Doc. No. 49 at Exhibits 1 and 2. The fact remains that Petitioner never objected to the findings in the PSR and he had numerous opportunities to do so. To the extent that Petitioner now argues that his counsel was ineffective for failing to object to the career offender designation in the PSR, counsel may not be deemed ineffective for failing to raise a meritless argument. *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999).

Finally, as for Petitioner's contention that he should be entitled to a hearing on this issue as well, the Court will deny that request as the record in this case conclusively

12

demonstrates that counsel was not ineffective for failing to file an appeal and Petitioner was properly determined to be a career offender. Petitioner's unsworn statement that he did not believe he should be sentenced as a career offender is not sufficient to create an issue of facts regarding whether his attorney should have known that he wanted to file an appeal. As United States v. Solis, a case which Petitioner cites, explains, although requests for evidentiary hearings are "not unusual," they are also "not often granted." *United States v. Solis*, 289 F.3d 291 (3d Cir. 2001). While the facts of *Solis* are distinguishable from the instant case because the Petitioner in *Solis* claimed that he requested after sentencing that his attorney appeal, but his attorney did not take any action, the Court is *Solis* significantly stated that "a defendant would not be entitled to a hearing if his allegations were contradicted conclusively by the record, or if the allegations were patently frivolous." *Solis,* 252 F.3d at 295. Here, despite Petitioner's protestations to the contrary, the record conclusively establishes that he informed his attorney that he did not wish to file an appeal, and the Court twice questioned him thereon. Accordingly, because Petitioner's claims are contradicted by record evidence, Petitioner's request for an evidentiary hearing will be denied.

### V. Conclusion

Again, in order for Petitioner to establish counsel was ineffective, he has the burden to show counsel's performance: (i) was in fact deficient, and (ii) that the deficient performance so prejudiced the defense as to raise doubt to the accuracy of the outcome of the trial [or the sentence]; i.e., Petitioner must demonstrate a reasonable probability that, but for counsel's deficiency, the outcome of the trial [or sentence] would have been different. *Strickland*, 466 U.S. 668, 687, 692 (1984). Petitioner has failed to meet his burden in all regards. Additionally,

13

Petitioner has failed to show an error in the career offender designation and no hearing thereon is warranted on the merits of that issue, or on the issue of ineffectiveness for failing to object to the career offender designation because counsel is not ineffective for failing to raise a meritless argument.

For all of the foregoing reasons, this Court will deny Petitioner's motion for relief under 28 U.S.C. § 2255 and a Certificate of Appealability will be denied. An appropriate order follows.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

**NATEL BLESSITT**
USMS 09287068
FCI McKean
P.O. Box 8000
Bradford, PA 16701
PRO SE